ROBERTA. CHAISSON, Judge.
| ¡.This is an appeal by Rosemary Stewart Martin, defendant, from a judgment on a motion to enforce a community property settlement negotiated before a commissioner and signed by the parties in this domestic dispute. The trial judge ruled that the agreement was valid and ordered Ms. Martin to comply with its terms. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
The parties were divorced in 2009, and began protracted negotiations to resolve their community property issues. On August 24, 2011, after a lengthy hearing before a domestic commissioner, at which both parties were represented by counsel, a community property settlement document was produced. The commissioner’s report states that the “[pjarties agree to settle the community property as outlined on the attached two (2) page typed docu *325 ment.” The report is signed by the commissioner, both parties, and their respective attorneys.
Mr. Martin’s counsel undertook to prepare a judgment in accord with the agreement for presentation to the court. However, when that document was sent to Ms. Martin’s counsel, she declined to review it because she had been discharged |sby Ms. Martin on August 29, 2011. Also on August 29, 2011, a document styled Objections to Hearing Officer’s Recommendation(s) and Interim Order was filed with the clerk’s office, ostensibly on behalf of Ms. Martin. That document is unsigned by Ms. Martin, and is not signed by any other attorney or person.
Meanwhile, counsel for Mr. Martin submitted to the court a judgment containing the terms of the settlement of August 24, 2011, with a La. District Court Rule 9.5 Certification explaining why the judgment had not been signed by Ms. Martin’s prior counsel. That judgment was signed by the trial judge on September 8, 2011, and notice of the judgment was mailed to Ms. Martin on September 12, 2011.
On September 13, 2011, Ms. Martin again filed her objections to the hearing officer’s recommendations, this time by way of a copy signed by her. The trial judged marked the attached order “Moot, per consent judgment of September 8, 2011.”
On October 4, 2011, Ms. Martin, now represented by new counsel, filed a motion to vacate the judgment of September 8, 2011, on grounds that it had been signed without consideration of her objections to the commissioner’s report of August 24, 2011. That matter was set for hearing on December 2, 2011. It further appears that prior to that hearing, Mr. Martin urged a motion to enforce the judgment of September 8, 2011, alleging that Ms. Martin had failed to comply with various paperwork requirements and other matters specified in that judgment. All of the above matters were taken up at the December 2, 2011 hearing, and a judgment was signed on December 12, 2011. In that judgment, the court ruled that the agreement signed by the parties on August 24, 2011, was a valid compromise. He further ruled that the judgment based on that agreement and submitted in. proper form as the consent judgment, which he signed on September 8, 2011, was a final | Judgment. He also ordered Ms. Martin to permit an appraisal of one of the properties at issue as required by the September 8, 2011 judgment. Ms. Martin filed a motion for a new trial, which was denied, and this appeal followed.
Ms. Martin urges three assignments of error. She first contends that it was error for the trial court not to hold a hearing on her original objections to the commissioner’s report, which were filed on August 29, 2011. Second, she argues that the trial judge’s findings that there was a valid agreement as to the community property confected on August 24, 2011, and confirmed by the judgment of September 8, 2011, were manifestly erroneous. Third, she asserts that it was error for the trial judge to deny the motion for a new trial.
LAW AND ANALYSIS
We first note that a denial of a motion for a new trial will be overturned only when a trial judge has abused his discretion in ruling on such motions. Warner v. Carimi Law Firm, 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, writ denied, 99-0466 (La.4/1/99), 742 So.2d 560. Here, the grounds urged in the motion for new trial were basically the same as those urged at the hearing of December 2, 2011, which the trial judge rejected. The trial judge denied the motion for new trial with *326 the notation “[d]enied for reasons orally assigned on December 2, 2011.” It is evident that the trial judge deemed the matters raised in the motion to be the same as those addressed at the hearing and saw no need to re-litigate these issues by way of a new trial. Because we find no abuse of the trial court’s discretion in this circumstance, we reject this assignment.
We also reject Ms. Martin’s assertion that it was error not to hold a hearing on her objections to the commissioner’s report, which she filed on August 29, 2011. As noted by Mr. Martin, that filing was not signed by Ms. Martin, and it was not filed by an attorney. Although there are representations by Mr. Martin’s |scounsel that the objections were prepared and filed by Ms. Martin’s daughter, there is nothing in the record to indicate who filed that document, as it is unsigned by anyone. Moreover, these same objections were again filed on September 13, 2011, and these matters were taken up in conjunction with Mr. Martin’s motion to enforce the judgment at the hearing of December 2, 2011. The transcript of the December 2, 2011 hearing shows that Ms. Martin was given the opportunity to challenge the consent agreement of August 24, 2011, and the trial judge considered her objections filed on August 29, 2011, and refiled on September 13, 2011. Her argument that the trial court erred by not holding a hearing on her objections .is therefore moot.
Ms. Martin’s last argument is that it was manifest error to find that the agreement of August 24, 2011, memorialized in the September 8, 2011, judgment, was a valid settlement of the community property dispute. In Rosell v. ESCO, 549 So.2d 840 (La.1989), the court explained that factual findings are not to be overturned unless, considering the record as a whole, no rational trier of fact could have made such findings. It further noted that the test is not whether the reviewing court would have made similar findings had it been sitting as the trier of fact, but rather whether there is a reasonable basis for the findings made.
Here, the evidence bearing on the validity of the compromise agreement was that there was a typed, two page document attached to the commissioner’s report. The report states that the attached two page document is the agreement between the parties as to settling the community property dispute. The report is dated August 24, 2011, and signed by both parties and both of their attorneys, as well as by the commissioner. Mr. Martin’s attorney, who was present during the several hours of negotiations, stated that she saw Ms. Martin sign the document. Ms. Martin testified that she did sign the document. She further stated, however, that | fishe was coerced into signing it, and that she either did not understand what she was signing, or did not agree with the terms of the settlement.
Other evidence presented at the hearing showed that the parties owned three buildings. One was a house in Donaldsonville, valued at $68,000, the second was a house in Marrero, valued at $230,000, and the third was a four-plex, also in Marrero, valued at $250,000. The agreement provided that Ms. Martin would receive the four-plex, plus $24,000 in cash, and Mr. Martin would receive the two houses. Thus, each party would receive the value of $274,000. There were also provisions in the agreement concerning two vehicles and furniture, but the division of these goods is not contested. Ms. Martin also alleged that she should have received certain pension benefits, but there was no evidence to establish the amount of those benefits, or from where they had originated.
*327 On the above evidence, the trial judge concluded that the division of the assets was fair to both parties, and that the agreement confected on August 24, 2011, was a binding compromise by the parties. In our opinion, those findings are reasonable on the record before us. Although Ms. Martin testified that she did not in fact agree to the terms set forth, there was ample countervailing evidence to support the conclusion that she did agree to them at the August 24, 2011 meeting. That being the case, we are precluded from setting those findings aside. CONCLUSION
For the foregoing reasons, the judgment of the district court based on the terms of the settlement agreement is hereby affirmed.

AFFIRMED